```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  09 CR 240
                               )
JUAN MARTIN REYES-MEDINA,      )
                               )
          Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

Juan Martin Reyes-Medina ("Reyes") has two pending motions that have been hanging fire for reasons that have qualified for exclusions of time under the Speedy Trial Act, 18 U.S.C. §3161:

    1. a June 2, 2009 motion to suppress evidence, as to which Reyes' counsel asserts that the motion may resolve the case if Reyes proves successful; and

    2. a September 11 motion to revoke the Order of Detention ("Order") that was issued by Magistrate Judge Maria Valdez back on March 20 after an evidentiary hearing.

This Court has been prepared to address both motions for some time, but Reyes' counsel has sought some additional time to enable him to make a full presentation of the detention issue first, and this Court has honored that preference.

At this point counsel's reply on that issue is finally in hand, so this Court is in a position to address Reyes' detention status. Among the factors that Magistrate Judge Valdez weighed in reaching her detention ruling, and that she set out in her

thoughtful Order, only one appears open to question: It turns out that Reyes did earlier have an FOID card that could legitimize his possession of weapons, but it had expired very shortly before his arrest. Hence this Court will not operate on the premise that Reyes offered a knowing misrepresentation in that respect.

Although Reyes' counsel sets out a congeries of factors that he asserts should support Reyes' release, neither his original submission nor his reply really speaks to the danger to the community adduced by Magistrate Judge Valdez. Certainly something more needs to be said in that respect. And as for the risk of flight, this Court's practice whenever (as here) the property of third parties (rather than that of a defendant himself or herself) is offered to serve as security is to probe through close questioning (1) whether those third parties are fully cognizant of the risks of forfeiture and view the defendant as sufficiently close to them and sufficiently reliable to justify their undertaking such risks and (2) whether the third parties are sufficiently close and sufficiently important to defendant as to make him or her loath to expose them to that same risk of loss if defendant did choose to flee.

This Court retains an open mind on both of the just-discussed aspects of the decision as to continued detention. But Reyes' counsel must provide more meaningful input on the dangerousness question even before this Court will be prepared to

go forward on the risk-of-flight issue in the manner already explained.

In the meantime, however, Reyes' counsel and government counsel should act swiftly to set up hearing arrangements on the motion to suppress. Resolution of that issue may well bear upon (or may perhaps even moot) the resolution of the release-or-detention issue.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: December 16, 2009